```
            UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
                   WESTERN DIVISION
```

JAMES C. WINDING                                         PETITIONER

VERSUS                        CIVIL ACTION NO. 5:05cv178-DCB-MTP

RONALD KING and JIM HOOD                                RESPONDENTS

## ORDER

This matter comes before the Court on the petitioner's Motion for Emergency to Arrest Final Judgment [**docket entry no. 59**]. Having reviewed the Motion, responses, applicable statutory and case law, and being otherwise fully advised as to the premises, the Court finds and orders as follows:

On July 3, 2007, this Court entered an Order [docket entry no. 53] adopting the Report and Recommendation of Magistrate Judge Michael T. Parker [docket entry no. 41] that the petitioner's § 2254 habeas corpus action be dismissed with prejudice for failure to exhaust state remedies. On the same date, this Court issued its Final Judgment [docket entry no. 54] dismissing the action with prejudice.

On September 6, 2007, the petitioner filed the instant Motion for Emergency to Arrest Final Judgment [docket entry no. 59] pursuant to Federal Rule of Civil Procedure 60(b). In his Motion, the petitioner asks the Court to reconsider its decision of July 3, 2007 wherein the Court dismissed the action with prejudice. (Mot. Arr. Final J. 1.) Specifically, the petitioner asserts that the

Court committed plain error when it failed to grant habeas relief, thereby causing manifest injustice to him. (Mot. Arr. Final J. 1.) The petitioner also asserts that the Court "failed to conduct mandatory de novo review of portions of magistrate's report to which petitioner objected," and that such failure is reversible error. (Pet.'s Rep. Respds.' Resp. Opp. Pet.'s Mot. Arr. Final J. 1.) The petitioner requests relief in the form of an evidentiary hearing, appointment of counsel, and/or immediate release from custody. (Mot. Arr. Final J. 3.) The respondents oppose the petitioner's Motion. (Respds.' Resp. Opp. Pet.'s Mot. Arr. Final J. 1.)

As an initial matter, the Court finds that it does have jurisdiction to consider the petitioner's Rule 60(b) Motion because this matter does not involve the petitioner's assertion of a claim or error in his state court conviction that should be treated as a successive habeas petition pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(b). Gonzalez v. Crosby, 545 U.S. 524, 538 (2005). "A motion can . . . be said to bring a "claim" if it attacks the federal court's previous resolution of a claim on the merits." Id. at 532. A petitioner does not assert a claim on the merits "when he merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute of

limitations bar.  Id. at n.4 (emphasis added); Ruiz v. Quarterman, 2007 WL 2955723, *2 (5th Cir. Oct. 11, 2007).  Thus because the petitioner is challenging this Court's determination that he failed to exhaust and its refusal to reach the merits of his § 2254 action, this Motion can be addressed by this Court without a precertification by the United States Court of Appeals for the Fifth Circuit as otherwise required under § 2244(b)(3).  Id. at 538.

>    Federal Rule of Civil Procedure 60(b) reads as follows:
>
>> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

The Court is unaware of any evidence or argument asserted by the petitioner which suggests that a ground listed in Rule 60(b)(1)-(5) is applicable in this matter.  As for the Rule 60(b)(6) catch-all

provision, extraordinary circumstances must be shown in order to reopen a final judgment.  <u>Crosby</u>, 545 U.S. at 535; <u>Hess v. Cockrell</u>, 281 F.3d 212, 216 (5th Cir. 2002).  Indeed, "[s]uch circumstances will rarely occur in the habeas context." <u>Crosby</u>, 545 U.S. at 535.

In his Motion, the petitioner urges that the Court erred in its dismissal of his habeas petition with prejudice and requests reconsideration of that decision.  For the same reasons explicated in the Court's Order [docket entry no. 53] adopting the Report and Recommendation of Magistrate Judge Michael T. Parker [docket entry no. 41] which need not be recited here, the Court believes that the dismissal of the petitioner's § 2254 action with prejudice was correct.  The Court likewise finds no merit to the petitioner's contention that it failed to give a de novo review to the magistrate's report and recommendation upon the petitioner's objections to the same, as such a de novo review did indeed occur. The Court is therefore of the opinion that the petitioner has not shown that extraordinary circumstances exist which require relief from the Court's entry of final judgment in this matter.

Accordingly, based upon the foregoing analysis and authorities,

**IT IS HEREBY ORDERED** that the petitioner's Motion for

4

Emergency to Arrest Final Judgment [**docket entry no. 59**] is **DENIED**.

**SO ORDERED,** this the  5th  day of  November , 2007.

                                      s/ David Bramlette
                                UNITED STATES DISTRICT JUDGE