## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
## WESTERN DIVISION

JAMES C. WINDING                                                PETITIONER

VERSUS                              CIVIL ACTION NO. 5:05cv178-DCB-MTP

RONALD KING and JIM HOOD                                       RESPONDENTS

### ORDER

This matter comes before the Court on the petitioner's Motion for Emergency Anewal [sic] of Motion for Discovery [**docket entry no. 63**], Motion to Appoint Counsel [**docket entry no. 64**], and Motion for Disqualify and Show Cause [**docket entry no. 67**]. Having reviewed the Motions, applicable statutory and case law, and being otherwise fully advised as to the premises, the Court finds and orders as follows:

On July 3, 2007, this Court issued its Final Judgment whereby the petitioner's § 2254 habeas action was dismissed with prejudice. On September 19, 2007, the petitioner filed his Motion for Emergency Anewal [sic] of Motion for Discovery [**docket entry no. 63**] and Motion to Appoint Counsel [**docket entry no. 64**], wherein he requests a review of his previous Motion for Discovery [docket entry no. 6] and Motion to Appoint Counsel [docket entry no. 5] which were filed on October 13, 2005, and subsequently denied by Order [docket entry no. 27] of United States Magistrate Judge Robert H. Walker on April 19, 2006.

The Court interprets these two Motions as requests for relief from an order under Rule 60(b). The Court is unaware of any basis under Rule 60(b) on which the petitioner is entitled to relief from the Court's Order of April 19, 2006 [docket entry no. 27]. Alternatively, Rule 6 of the Rules Governing Section 2254 Cases permits a judge to authorize a party to conduct discovery if good cause has been shown. The judge must appoint an attorney for a qualified petitioner if necessary for effective discovery. This Court does not find that the petitioner has demonstrated any good cause that would permit him to conduct discovery; thus it follows that an attorney need not be appointed on his behalf. For these reasons, the petitioner's Motion for Emergency Anewal [sic] of Motion for Discovery [**docket entry no. 63**] and Motion to Appoint Counsel [**docket entry no. 64**] will be denied.

The petitioner also filed a Motion to Disqualify and Show Cause [**docket entry no. 67**] on October 25, 2007, wherein he urges that the Court committed plain error and "ignored available alternatives" by raising some unknown issue sua sponte in order to "rescue the government from a sinking case." The petitioner also alleges that the Double Jeopardy Clause was violated when this Court and the state officials conspired to deprive him of his federal rights. The Court finds the petitioner's arguments to be wholly without merit and, accordingly, this Motion will be denied.

Pursuant to the foregoing,

**IT IS HEREBY ORDERED** that the petitioner's Motion for Emergency

Anewal [sic] of Motion for Discovery [**docket entry no. 63**] and Motion to Appoint Counsel [**docket entry no. 64**] are **DENIED**.

**IT IS FURTHER ORDERED** that the petitioner's Motion to Disqualify and Show Cause [**docket entry no. 67**] is **DENIED**.

**SO ORDERED,** this the  14th  day of November 2007.


                                                s/ David Bramlette
                                      UNITED STATES DISTRICT JUDGE