UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
WESTERN DIVISION

JAMES C. WINDING                                              PETITIONER

VERSUS                              CIVIL ACTION NO. 5:05cv178-DCB-MTP

RONALD KING and JIM HOOD                                     RESPONDENTS

### ORDER

This matter comes before the Court on the pro se petitioner's Motion to Arrest Final Judgment Due to Actual Innocence [**docket entry no. 90**], Motion to Supplement to Motion to Arrest Final Judgment Due to Actual Innocence [**docket entry no. 103**], and Motion for Default Judgment [**docket entry no. 95**].  Having carefully considered the Motions in light of applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On October 3, 2005, James C. Winding, an inmate confined in a state correctional institution, filed his Petition for Writ of Habeas Corpus [docket entry no. 1] pursuant to 28 U.S.C. § 2254. On July 3, 2007, this Court entered an Order [docket entry no. 53] adopting the Magistrate Judge's Report and Recommendation that the Petition be dismissed due to the petitioner's failure to exhaust his state remedies.  A Final Judgment of even date was entered dismissing the case with prejudice.

Now, after the denial of two motions for reconsideration of

the Court's Final Judgment, the petitioner brings a Motion to Arrest Final Judgment Due to Actual Innocence [docket entry no. 90] and a Motion to Supplement [docket entry no. 103] the same. As an initial matter, the Court finds the petitioner's Motion to Supplement his Motion to Arrest Final Judgment Due to Actual Innocence to be well-taken. The Court will now consider the petitioner's supplemented Motion to Arrest Final Judgment.

In his Motion, the petitioner apparently argues that he has unearthed new evidence which demonstrates his actual innocence and supports his constitutional claim that he did not commit the crime for which he was convicted. Petition also filed a Motion for Default Judgment [docket entry no. 95] in which he contends that he is entitled to a default judgment on his Motion to Arrest Final Judgment Due to Actual Innocence because the respondents have failed to answer or otherwise defend his Motion.

To the extent that the petitioner's Motion to Arrest Final Judgment is a motion for relief from the Court's July 3, 2007 Final Judgment pursuant to Rule 60(b), the Court has twice already denied motions of the same type. Order of Feb. 19, 2008; Order of Nov. 6, 2007. The Court yet again finds no grounds for affording the petitioner relief under Rule 60(b).

Insofar as the petitioner's Motion to Arrest Final Judgment may be construed as an assertion of new grounds for relief, it is a successive petition for habeas corpus under § 2254. Pursuant to

the Antiterrorism and Effective Death Penalty Act ("AEDPA"), P∪B. L. 104-132, 110 STAT. 1214 (1996), specifically 28 U.S.C. § 2244(b)(3)(A), "the decision whether a successive § 2254 application may be filed in district court is made instead by a court of appeals." In re Smith, 142 F.3d 832, 833-34 (5th Cir. 1998). Because the United States Court of Appeals for the Fifth Circuit has not determined whether the petitioner's successive § 2254 application may be filed in this Court, the Court must deny the petitioner's Motion.

The Court does not find Winding's Motion for Default Judgment to be well-taken. The mere lack of a filed response to the petitioner's Motion to Arrest Final Judgment by the respondents does not demand the automatic grant of the petitioner's Motion. Accordingly,

**IT IS HEREBY ORDERED** that the pro se petitioner's Motion to Supplement to Motion to Arrest Final Judgment Due to Actual Innocence [**docket entry no. 103**] is **GRANTED.**

**IT IS FURTHER ORDERED** that the pro se petitioner's Motion to Arrest Final Judgment Due to Actual Innocence [**docket entry no. 90**] and Motion for Default Judgment [**docket entry no. 95**] are **DENIED.**

**SO ORDERED**, this the  2nd  day of May 2008.


                                     s/ David Bramlette
                          **UNITED STATES DISTRICT JUDGE**