# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

JAMES C. WINDING                                                        PETITIONER

VERSUS                          CIVIL ACTION NO. 5:05cv178-DCB-MTP

RONALD KING and JIM HOOD                             RESPONDENTS

## ORDER

This matter comes before the Court on the pro se petitioner's Motion to Set Aside Sentence [docket entry no. 132], Motion for Certification of Order [docket entry no. 135], Motion for Newly Discovered Evidence Based Upon DNA Test Results [docket entry no. 143], and Motion for Copies of All Records [docket entry no. 144]. Having reviewed the petitioner's motions, the Court finds and orders as follows:

This case arises out of James Winding's ("Winding" or "petitioner") claim for relief pursuant to 28 U.S.C. § 2254. The Court issued its final judgment dismissing the petitioner's case with prejudice on July 3, 2007. The petitioner subsequently filed numerous motions for reconsideration and motions for additional discovery, all of which have been denied by this Court.

On December 9, 2008, the petitioner filed a motion to set aside his sentence. Therein, the petitioner argues that his sentence should be set aside because the sentence is not authorized by the Mississippi statute related to kidnaping and sexual battery.

Later, on February 3, 2009, the petitioner filed a Motion for Newly Discovered Evidence Based Upon DNA Test Result, wherein he claims that he is entitled to certain relief based on the state's failure to disclose the results of a DNA test. The Court construes both of these motions as a successive petitions for habeas corpus under 28 U.S.C. § 2254. As this Court has already ruled in a prior order, entered on May 2, 2008, the Court lacks jurisdiction to consider Winding's successive § 2254 petitions without authorization from the Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3). Accordingly, Winding's Motion to Set Aside Sentence and Motion for Newly Discovered Evidence Based Upon DNA Test Result are denied.

On December 10, 2008, Winding filed a motion for certification of the Court's order of May 6, 2008. Although entitled "Motion for Certification of Granting Motion to Supplement to Motion to Arrest Final Judgment Due to Actual Innocence Docket #107", Winding's motion essentially seeks clarification, not certification, of the Court's prior order granting Winding's Motion to Supplement the Motion to Arrest Final Judgment [docket entry no. 103]. Specifically, Winding inquires whether the Court will make a second ruling on his supplemental motion and whether the evidence presented in his supplemental motion was taken as truth or rejected.

Insofar as it seeks only clarification of the Court's order, Winding's Motion for Certification is well-taken. To clarify, in granting the petitioner's motion to supplement, the Court agreed to

consider Winding's supplemental brief and exhibits together with his originally filed documents. This, the Court has done. In its order of May 6, 2008, the Court expressly stated that "[t]he Court will now consider the petitioner's supplemented Motion to Arrest Final Judgment" [docket entry no. 107]. Since the Court has already considered this supplemental filing, no supplemental ruling is necessary.

Winding also inquires whether the Court considered "as truth" or "rejected" the evidence referenced in his supplemental briefing. The Court considered the evidence presented by the petitioner and found that it did not support the relief requested.

Finally, the Court considers Winding's Motion for Copies of All Records, wherein he requests that the clerk provide at no cost the following: (1) copies of all filings in this action, (2) copies of all records in his state court case, and (3) a copy of the docket sheet. As to his request for a copy of the record in this case, the Court finds that the petitioner has already received copies of many, if not all, of the filings in this case. The Court does not find his request for additional copies at the government's expense to be well-taken. Winding is ordered to consult the Local Rules of this Court for information on obtaining copies of the record in this case. Standard fees will apply. As to the petitioner's request for a copy of the record in his state court case, this Court is without authority to order a state court to produce copies of its records. <u>Moye v. Clerk, DeKalb County</u>

<u>Superior Court</u>, 474 F.2d 1275 (5th Cir. 1973).  As to his request for a copy of the docket sheet, the Court finds the petitioner's motion to be well-taken.

**IT IS HEREBY ORDERED** that the pro se petitioner's Motion to Set Aside Sentence [docket entry no. 132] is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Certification of Order [docket entry no. 135] is **GRANTED** insofar as it seeks clarification of the Court's order of May 6, 2008.  The Court has clarified its order herein.  The defendant is entitled to no additional relief as a result of this order.

**IT IS FURTHER ORDERED** that the Motion for Newly Discovered Evidence Based Upon DNA Test Results [docket entry no. 143] is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Copies of All Records [docket entry no. 144] is **GRANTED IN PART AND DENIED IN PART**.  The petitioner's requests for copies of the federal and state court records is denied.  The petitioner's request for a copy of the docket sheet is granted.

**IT IS FURTHER ORDERED** that the clerk shall mail a copy of the docket sheet to the petitioner at the address on file with the Court.

**SO ORDERED**, this the 13th day of July 2009.

                                                  s/ David Bramlette
                                              **UNITED STATES DISTRICT JUDGE**